## GOLDSEIGER v. BALIK.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

BAILMENT (§ 12*)—GRATUITOUS BAILMENT—LIABILITY OF BAILEE.

G. ordered glass of B., but refused to take it, whereupon B. recovered judgment of G. for the agreed price, on the theory that the glass then belonged to G. No demand was made by G. for the glass till two years later, when he paid the judgment. In the meantime it, with glass of B., was broken, while he was moving his place of business. *Held*, that B. was under no greater duty than a gratuitous bailee, and so liable only for gross neglect, which is not shown by the mere fact of the breaking under such circumstances.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 37–41; Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louis Goldseiger against Max Balik. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Reuben Dorfman, of New York City, for appellant.
J. V. Rooney, of New York City, for respondent.

LEHMAN, J. It appears from the evidence, assuming that all disputed questions of fact are resolved in favor of the plaintiff, that in November, 1910, the plaintiff ordered certain glass from the defendant. Subsequently the defendant herein sued this plaintiff for the agreed price of $43, and recovered judgment for that amount. The plaintiff herein did not pay this judgment till August, 1913, and he then demanded delivery of the glass. This defendant then returned one piece worth $5, and showed that the remainder of the glass was broken, together with about $400 of his own glass, while he was moving his place of business, before this plaintiff demanded the glass. Upon these facts the plaintiff has recovered judgment for the sum of $38.

It is not disputed that when the defendant in 1911 recovered judgment for the agreed price of the glass, it was upon the theory that the glass then belonged to the plaintiff. The defendant no longer had any interest in the glass, and it was held at the risk of the plaintiff. The mere fact that the plaintiff did not choose at that time to take the glass, as he was in duty bound to do, could impose no duty upon the defendant to care for this glass. If the defendant did retain the glass instead of abandoning it, he certainly thereby incurred no greater duty than that of gratuitous bailee.

In the very case relied upon by the plaintiff to sustain the recovery, Ouderkirk v. Central Nat. Bank, 119 N. Y. 263, 23 N. E. 875, the court said:

"In the case of gratuitous bailments, however, the bailee is liable only when chargeable with gross neglect."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

While, of course, even in the case of a gratuitous bailment, the bailee who fails to deliver the goods upon demand has the burden of presenting evidence to explain his failure, I think that in this case the bailee has fully met this burden. Where the object of the bailment is so breakable a commodity as glass, and is unreasonably left in the bailee's possession for over two years, and during that time the bailee moves his place of business, I do not think that the bailee can possibly be charged with gross negligence, merely by reason of the breakage during the removal.

In my opinion the judgment should therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.